UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INVENTEL PRODUCTS, LLC.,**<br><br>Plaintiff,<br><br>v.<br><br>**JIMMY LI, LIN AMY, GODADDY.COM, SHOPIFY (USA) INC., SHOPIFY INC., GOOGLE LLC, GOOGLE.COM LLC, WU JINZHAO, JOHN/JANE DOE, ABC CORP.**<br><br>Defendants. | Civ. No. 2:19-9190<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff InvenTel Products, LLC's ("InvenTel") motion for a temporary restraining order and preliminary injunction, ECF No. 5, and Defendants Shopify Inc.'s and Shopify (USA) Inc.'s ("Shopify") opposition thereto, ECF No. 10. For the reasons set forth below, InvenTel's motion—as to Shopify—is **DENIED** and the Court's Temporary Restraining Order is **TERMINATED** as to Shopify.

**I. BACKGROUND**

InvenTel sells a variety of consumer products in the United States via mail-order and online sales, including the HD MIRROR CAM® ("HD MIRROR CAM"). The HD MIRROR CAM is a personal security camera designed for automobiles. InvenTel holds patents, copyrights, and trademarks on HD MIRROR CAM technology and marketing materials.

Defendants Jimmy Li, Lin Amy, and Wu JinZhao ("Li Defendants") allegedly produce counterfeit HD MIRROR CAMs ("Counterfeit Products") in China and market them to U.S. customers online. Some of the websites selling the Counterfeit Products are the subject of a related action ("Prior Action") brought by InvenTel for intellectual property rights violations against the Li Defendants, Shopify, and others (collectively, "Defendants"). *See InvenTel Products, LLC v. Li*, No. 2:18-cv-16590. In connection with the Prior Action, Shopify has helped prevent the Li Defendants from selling Counterfeit Products using Shopify's services. *See* Hartman Decl. ¶ 12-18, ECF No. 10-6.

While InvenTel and Shopify were in talks to dismiss the Prior Action, InvenTel learned of a new website created by the Li Defendants to further market the Counterfeit Products: www.hdmirrorcambuy.com ("Website"). Abdul Dec. ¶ 4, ECF No. 5-2. The Website states: "We use Shopify to power our online store—you can read more about how Shopify uses your Personal Information here: https://www.shopufy.com/legal/privacy." *Id.* ¶ 62. InvenTel filed the present matter seeking to enjoin Defendants from operating or supporting the new Website. *See* Compl., ECF No. 1, Emergency Mot., ECF No. 5.

1

On April 16, 2019, the Court entered an order temporarily restraining Defendants from infringing on InvenTel's intellectual property rights and providing for an expedited briefing schedule. *See* Order, ECF No. 6. On April 23, InvenTel notified the Court that it had yet to effectuate service and requested an extension to the briefing schedule. *See* InvenTel Ltr., ECF No. 9. Shopify objected to the extended schedule and submitted opposition papers. *See* Opp. Br., ECF No. 10; Shopify Ltr., ECF No. 11. Accordingly, the Court granted the requested extension as to all Defendants except Shopify. *See* ECF No. 12.

## II. DISCUSSION

InvenTel seeks preliminary relief enjoining Shopify from infringing on its intellectual property rights. *See* Mot., ECF No. 5. "A plaintiff seeking a preliminary injunction must establish that *[1]* he is likely to succeed on the merits, *[2]* that he is likely to suffer irreparable harm in the absence of preliminary relief, *[3]* that the balance of equities tips in his favor, and *[4]* that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). To succeed on the merits, InvenTel will have to prove that Shopify is either directly or contributorily liable for infringements of InvenTel's intellectual property rights. *See, e.g., Parker v. Google, Inc.*, 242 F. App'x 833, 836-37 (3d Cir. 2007). Direct liability requires "volitional conduct on the part of defendant" while contributory liability requires "material contribution to [a third party's] infringement." *Id.*; *see also* Reply at 9.

Here, the Court will deny the requested relief as to Shopify because InvenTel has not demonstrated likely success on the merits (element 1) or that it will suffer irreparable harm without such relief (element 2). As to the first element, InvenTel relies entirely on the Website's statement that "[w]e use Shopify to power our online store—you can read more about how Shopify uses your Personal Information here: https://www.shopufy.com/legal/privacy." Abdul Dec. ¶ 62; Reply at 9 (arguing for direct and contributory liability based on Shopify "powering" the Website). But Shopify's Associate Privacy Counsel declares under penalty of perjury that "Shopify has never operated, hosted, supported, or powered the [W]ebsite . . . and has no internal records linked to [its] domain name." Hartman Decl. ¶ 21, ECF No. 10-6 ("Declaration"). In response, InvenTel points to "documentary evidence in the form of an admission of a co-defendant (a printout from the infringing website itself) that Shopify powers the [Website]." Reply at 8, ECF No. 14. InvenTel does concede that it "does not know, nor could it know what precisely is involved in said 'powering.'" *Id.* at 9. However, because the Website *says* it is "powered" by Shopify, InvenTel argues the Court should reject Shopify's argument. *Id.* at 7.

The Court credits the Declaration over the Website's text. Given their irreconcilable nature, the Court must believe one over the other, and finds little reason to favor the Website over a sworn declaration. *See generally* Compl. (alleging the Website's entire purpose is to trick users into buying Counterfeit Products). As the Court finds the Declaration credible, and thus InvenTel's argument for likely liability unpersuasive, preliminary relief is inappropriate. *See Winter*, 555 U.S. at 20 (requiring likely success on the merits to warrant preliminary relief).

For largely the same reason, InvenTel fails to demonstrate it will suffer irreparable harm without preliminary relief against Shopify (i.e., element 2). Given the balance of evidence before the Court, any violations of InvenTel's rights appear completely unrelated to

2

Shopify. Accordingly, declining to enjoin Shopify will not cause InvenTel irreparable harm. *See id.* (requiring irreparable harm without requested relief to warrant preliminary relief).

Therefore, InvenTel's request for preliminary relief is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, InvenTel's motion for a preliminary injunction, ECF No. 5, is **DENIED** as to Shopify. The Temporary Restraining Order, ECF No. 6, is **TERMINATED** as to Shopify.

Date: April 30, 2019

WILLIAM J. MARTINI, U.S.D.J.